UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SAMUEL D. MARTIN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:03CV480 HEA |
|  | ) |  |
| MIKE KEMNA, | ) |  |
| JERIMIAH W. (JAY) NIXON, Attorney | ) |  |
| General for the State of Missouri, and | ) |  |
| JAMES D. PURKETT,[1] | ) |  |
|  | ) |  |
| Respondents. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, [#15], of Magistrate Judge Mary Ann Medler, that Samuel D. Martin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [#4], be dismissed. Judge Medler also recommended that any motion by Petitioner Martin for a Certificate of Appealability be denied. Petitioner filed written objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which objections are made.

---

[1] Petitioner Martin has sentences to serve in the future, therefore, Jerimiah W. Nixon is a proper party respondent pursuant to 28 U.S.C. § 2254. Furthermore, at the time Judge Medler wrote her Report and Recommendation, Petitioner was incarcerated at Crossroads Correctional Center. At the time of this writing, however, Petitioner had been transferred to Eastern Reception, Diagnostic & Correctional Center. Therefore, the proper party respondent for the time which is now running is the Superintendent of ERDCC, James D. Purkett.

## **Procedural Background**

Petitioner Samuel Martin is currently incarcerated at Eastern Reception, Diagnostic & Correctional Center of Missouri (ERDCC), where he is serving a term of imprisonment. In September, 1998, Petitioner was found guilty in the Circuit Court of St. Louis County, Missouri of murder in the first degree, and armed criminal action, in violation of Sections 565.020.2 and 571.015 of the Missouri Revised Statutes. The trial court also found Petitioner to be a prior offender under Section 558.016 and 557.036.4, since Petitioner had been convicted of two prior felonies. Petitioner was sentenced as a prior persistent offender to life without the possibility of parole for the murder charge and to a consecutive term of thirty years imprisonment for the charge of armed criminal action.

Petitioner appealed his conviction and sentence, and on March 21, 2000, the Missouri Court of Appeals affirmed the judgment of the trial court in *State v. Martin,* 18 S.W.3d 397 (Mo. App. 2000). Petitioner's motion for transfer of his direct appeal to the Missouri Supreme Court was denied on June 27, 2000. Petitioner then filed a motion for post-conviction relief (PCR) pursuant to Missouri Supreme Court Rule 29.15 on September 20, 2000. The PCR motion was denied, and that denial was affirmed by the Missouri Court of Appeals on February 26, 2002. *See Martin v. State,* 69 S.W.3d 142 (Mo. App. 2002) (*per curiam*). No other action was pursued by Petitioner in state court, nor did he file a petition for writ of certiorari in the U.S. Supreme Court. The instant Petition was signed by Petitioner, and the date was indicated as March 17, 2003. The Petition was filed in this Court on April 28, 2003.

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 requires a state prisoner seeking federal habeas relief to file his petition within one year after his state conviction becomes final. 28 U.S.C. §2244(d)(1)(A). For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In the instant petition for writ of habeas corpus, Petitioner Martin raises various claims for relief. The record reveals, however, that the Petition was not timely filed under 28 U.S.C. § 2244(d)(1), because direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the Petition. The Eighth Circuit held in *Smith v. Bowersox,* 159 F.3d 345, 348 (8th Cir. 1998), that the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either:

> (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

As stated, Petitioner did not file a petition for writ of certiorari, thus, his state court judgment became final upon the expiration of his time to file such a petition. *Id.*; *see also Nichols v. Bowersox,* 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). Likewise, the petitioners in *Nichols* did not file petitions for writ of certiorari in the United States Supreme Court, but the court said, "[a]ccording to *Smith*, the dates on which the judgments became final within the meaning of § 2244(d)(1)(A) are therefore determined by 'the conclusion of

all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari].'" *Nichols,* 172 F.3d at 1072 (*citing Smith,* 159 F.3d at 348); *see also Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853 (8th Cir. 2003) and *Williams v. Bruton,* 299 F.3d 981, 982 (8th Cir. 2002). Thus, the *Nichols* petitioners' state court judgment became final under § 2244(d)(1)(A) upon the expiration of their time to file a petition for a writ of certiorari.

Under United States Supreme Court Rule 13, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for a writ of certiorari. Rule 13 provides:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

In consideration of Rule 13 and *Smith*, the Eighth Circuit stated "with certainty that [a petitioner's] judgment [becomes] final within the meaning of § 2244(d)(1)(A) no earlier than . . . 90 days after his conviction was affirmed on direct appeal." *Nichols,* 172 F.3d at 1072.

In this case, Petitioner's conviction was affirmed on direct appeal to the Missouri Court of Appeals on March 21, 2000. Petitioner's motion for transfer of his direct appeal was as denied on June 27, 2000. Petitioner did not file a petition for writ of certiorari, so his

state court judgment became final on September 25, 2000, ninety days after the denial of his motion to transfer. However, the one-year time period under § 2244(d)(1)(A) did not actually begin running then, because on September 20, 2000, Petitioner filed a state petition for post-conviction relief. "[U]nder § 2244(d)(2), the limitation period is tolled while 'a properly filed application for State post-conviction or other collateral review . . . is pending.'" *Williams,* 299 F.3d at 982 (*citing* 28 U.S.C. § 2244(d)(2)); *see also Carey v. Saffold,* 536 U.S. 214, 219-20 (2002) (where Court held that until an application for state post-conviction or other collateral review "has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'").[2] The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief petition on February 26, 2002. Petitioner had 15 days thereafter, or until March 13, 2002, to file an Application for Transfer to the Missouri Supreme Court, which he did not do.[3] As a result, after March 13, 2002, Petitioner could no longer proceed in the appeal process relating to post-conviction review, and the tolling of the one-year limitations period ended.[4] Petitioner had one year–until midnight on March 14, 2003–by which to file a federal habeas petition. Martin's

---

[2] The ninety days within which to file a petition for writ of certiorari to the United States Supreme Court after denial of post-conviction relief is not tolled, however. *Jihad v. Hvass,* 267 F.3d 803, 805 (8th Cir. 2001).

[3] Missouri Supreme Court Rule 83.02 provides: Application by a party for [transfer to the Missouri Supreme Court] shall be filed [with the Court of Appeals] within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed.

[4] Tolling of the one-year limitations period in Petitioner's case occurred from September 20, 2000 through March 13, 2002.

Petition was filed in this Court on April 28, 2003,[5] fourty-five (45) days after the March 14, 2003 deadline. The Court finds, therefore, that Martin's Petition was not timely filed. As such, Petitioner's objection to Judge Medler's Report and Recommendation is overruled, and the Court adopts Judge Medler's well-reasoned Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Samuel D. Martin's Petition for Writ of Habeas Corpus, [#4] is dismissed in its entirety for lack of timeliness;

**IT IS FURTHER ORDERED** that any motion by Petitioner for a Certificate of Appealability will be denied, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

Dated this 19th day of September, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[5] Petitioner actually submitted his Petition for Writ of Habeas Corpus on April 14, 2003. Petitioner filed a Motion for In Forma Pauperis (IFP) on that same day. The Court granted Petitioner's IFP motion on April 28, 2003. Therefore, even though the Court received the Petition on April 14, 2003, the Petition is considered to have been filed on the day the Court granted Petitioner's IFP motion, or April 28, 2003. *See* 28 U.S.C. § 1915. In any event, the Court's acceptance of Petitioner's argument--that filing of the Petition actually occurred on April 14, 2003--would not have any effect on the Petition's untimeliness, since Petitioner's deadline for filing was March 14, 2003. Likewise, any argument that the application of the "prison mailbox rule" would have the effect of rendering the Petition timely is without merit. Martin's Petition would only be timely if it had been deposited in the institution's internal mail system on or before March 14, 2003, which it was not. *See* Fed. R. App. P. 4(c)(1).