UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL D. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:03CV480 HEA |
| | ) |
| JAMES PURKETT[1] and JEREMIAH W. | ) |
| "JAY" NIXON[2] | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Mary Ann L. Medler that Samuel Martin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 4], be denied. Petitioner has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C.

---

[1] Petitioner has been transferred to Eastern Reception, Diagnostic & Correctional Center. Therefore, the proper party respondent is the Superintendent of ERDCC, James D. PARCHED.

[2] Because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. "Jay" Nixon, is added as a proper party respondent. See Rule 2(b), Rules Governing Section 2254.

§ 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court

decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409.

## Discussion

The Procedural History and Factual Background are set forth in the Report and Recommendation. Petitioner does not object to the procedural background set forth in Judge Medler's Report and Recommendation, rather, he objects to Judge Medler's conclusions of law as applied to the facts as found by the state court.[3] The objections, however, are without merit.

Petitioner begins his objections by arguing that Judge Medler improperly relied on the state court's findings of fact. Pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted

---

[3] Petitioner devotes a significant portion of his discussion to the timeliness of the filing of his petition and this Court's original determination that the petition was not timely. As Judge Medler pointed out in the Report and Recommendation, the Eighth Circuit has determined that the petition was in fact filed in a timely manner. Thus, petitioner's discussion is purely academic, and need not be addressed.

only by clear and convincing evidence." *Hall v. Lubbers*, 341 F.3d 706, 712 (8th Cir. 2003). Petitioner fails to present clear and convincing <u>evidence</u> that these findings were not completely supported by the record. In any event, this Court will conduct a *de novo* review of Petitioner's grounds for relief.

As Ground One of the Petition, Petitioner alleges that the trial court erred in overruling trial counsel's objection to Robert Young's testimony that Petitioner said "something like 'much love brother' to the decedent shortly before the decedent was shot." Petitioner contends that the admission of this evidence violates his right to due process, an independent constitutional basis for granting relief. While the Court is required to review the record *de novo*, this review is limited in scope. The Court is not at liberty to substitute its rulings for those of the state court. The standard by which the Court reviews the record on a habeas petition, as set forth above, is that relief may only be granted if the decision by the state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Petitioner argues that the decision to allow the testimony of Robert Young was speculative in that Young testified that Petitioner said "something like" and also that he did not hear the conversation between Petitioner and the victim. The state court determined that the statement "much love, brother" was not a part of the conversation that occurred before the statement. Furthermore, the state court determined that Young was entitled to paraphrase the statement. Young's testimony was not that he did not hear the statement, rather, he testified that he did not hear the conversation. The state court's finding that the statement was not a part of the "conversation," considering Young's testimony describing the surrounding circumstances of what he witnessed, was not an unreasonable determination of the facts, nor was it contrary to clearly established federal law. Under the federal rules of evidence, the state court's interpretation of Young's testimony was reasonable. Judge Medler's Report and Recommendation contains an extremely astutethorough analysis of the admission of evidence under federal law. The trial court's determination falls within the perameters of this federal law. Even were the Court to assume the admission was erroneous, Petitioner's arguments would still fail to establish that this ruling so fatally infected Petitioner's trial as to deny him due process.

Ground Two of the Petition alleges that the trial judge precluded trial counsel from introducing Young's prior inconsistent statement that he had "no

idea" what was said between the petitioner and others outside the store where the decedent was shot. Trial counsel sought to introduce the statement to impeach Young's subsequent testimony that Petitioner said something like "much love brother" to decedent shortly before decedent was shot. Petitioner claims this action denied him due process and infringed on his rights to present a complete defense and to confront witnesses. Petitioner argues that since the state court did not address federal law authorities and analyzed the argument under state law, he is entitled to relief. This position, however, once again overlooks this Court's limited standard of review. In determining whether Petitioner is entitled to relief, this Court looks to the state court's ruling to determine whether the ruling violates constitutional rights under the criteria set forth in Section 2254. As the state court found, in allowing cross-examination regarding Young's previous testimony, the court would have had to allow the state to bring out that the previous court did <u>not</u> allow Young to testify to the statement he did hear. On balance, the court's ruling did not violate Petitioner's constitutional rights to confront witnesses. As Judge Medler quoted, the Eighth Circuit has held:

> "The Confrontation Clause of the Sixth Amendment guarantees to a defendant the opportunity to effective cross examination of witnesses against him, including inquiry into the witnesses' motivation and bias." *United States v. Willis*, 997 F.3d 407, 415 (8th Cir. 1993) cert. denied, 510 U.S. 1050, 114 S.Ct. 704, 126 L.Ed.2d 670 (1994). This guarantee, however, is not without limitation. "[We] have long recognized that he trial judge must retain discretion to limit the scope

> of cross-examination." *United States v. Wood*, 834 f.2d 1382, 1384 (8th Cir. 1987) (citations omitted); accord *United States v. Juvenile NB*, 59 F.3d 771, 778 (8th Cir. 1995). Reversal of a district court's decision to limit cross-examination is warranted, therefore, "only where there has been clear abuse of discretion, and a showing of prejudice to the defendant." *Wood*, 834 F.2d at 1384.

*United States v. Triplett*, 104 F.3d 1074, 1079 (8th Cir. 1997). The state court's decisions fall within the bounds of a trial judge's discretion to limit the scope of cross examination. Petitioner's objections are overruled and the Court adopts Judge Medler's discussion and analysis as to ground two.

Ground three, four and five of Petitioner's request for relief arise from the trial judge's refusal to give instructions on second degree murder, voluntary manslaughter and armed criminal action in connection with voluntary manslaughter. Petitioner argues that this refusal deprived him of his right to liberty without due process and violated his right to a fair trial before an impartial jury.

The Missouri Appellate Court discussed whether Petitioner was entitled to the instructions requested. In holding that he was not, the Appellate Court found that there was no reasonable basis to suggest that he jury would have reduced his conviction had they been presented with the instructions because the jury had the opportunity to find Petitioner's actions were not deliberate and did not do so, in view of the first degree murder conviction.

In his argument that the trial judge erred in denying his request to instruct the jury on the lesser charges, Petitioner fails to acknowledge the standard set out by the Eighth Circuit for determining whether this habeas petition raises a constitutional violation. As Judge Medler so thoroughly discussed, *Tatum v. Dormire*, 183 F.3d 875 (1999) sets out the standard through which this court analyzes whether a constitutional violation has occurred by reason of jury instruction error:

> [Petitioner] apparently argues that Missouri law entitled him to the proffered voluntary manslaughter and second degree murder instructions on Count I and to the involuntary manslaughter instruction on Count III, and therefore that the state trial court's refusal to give the instructions deprived him of the process he was due under the Fourteenth Amendment. *Cf. Pitts v. Lockhart,* 911 F.2d 109, 112 (8th Cir.1990) ("[Other] circuits ... have held that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question. We agree that the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question." (citations omitted)), *cert. denied,* 501 U.S. 1253, 111 S.Ct. 2896, 115 L.Ed.2d 1060 (1991); *see also Green v. Groose,* 959 F.2d 708, 709 (8th Cir.1992). [Petitioner] seizes upon the "rarely, if ever" language in *Pitts* for the proposition that a trial court's refusal to give a lesser included offense instruction supported by the evidence in a noncapital case could, in some as yet undetermined circumstance, rise to an issue of constitutional dimension. [Petitioner] further is convinced that his is that elusive case. We are satisfied that it is not.
> Even were we to assume that a trial court's failure to instruct the jury on a lesser included offense in a noncapital case could ever amount to a constitutional issue for habeas review, [Petitioner's] claim would fail, for his proffered instructions allowing the jury to consider sudden passion were not supported by the evidence at trial. If, in a capital case, "due process requires that a lesser included

> offense instruction be given *only* when the evidence warrants such an instruction," *Hopper v. Evans,* 456 U.S. 605, 611, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982) (emphasis in original); *see also Reeves v. Hopkins,* 102 F.3d 977, 983 & n. 10 (8th Cir.1996), *rev'd on other grounds,* 524 U.S. 88, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998); *Williams v. Armontrout,* 912 F.2d 924, 928-30 (8th Cir.1990), *cert. denied,* 498 U.S. 1127, 111 S.Ct. 1092, 112 L.Ed.2d 1197 (1991), then *a fortiori* due process is not offended when a state trial court refuses in a noncapital case to submit an instruction not supported by the evidence.

*Tatum,* 183 F.3d at 878. The finding of the Missouri Appellate Court that the jury necessarily found deliberation, hence its verdict of first degree murder, when also presented with the instruction of second degree murder, which requires no finding of deliberation, Petitioner was not prejudiced by the failure to also give the lesser offenses instructions. Petitioner also argues that he was entitled to the instructions because he was acting under "sudden passion." This argument is obviated by Petitioner's own testimony that his actions were the result of Petitioner's belief that the victim was reaching for a gun. This little jewel of testimony, forgotten by Petitoner, clearly fails to establish that Petitioner's actions were the result of sudden passion provoked by the victim. The finding of the Missouri Appellate Court falls within the ambit of *Tatum's* standards. Petitioner's objections are therefore overruled with respect to the jury instructions.

Petitioner's sixth ground for relief is that he received ineffective assistance of counsel because trial counsel failed to object and seek appropriate relief from

the prosecutor's offering evidence of, and argument from, Petitioner's post-arrest silence.

A petitioner's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, Petitioner must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive Petitioner of a fair trial, a trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* --- U.S. ----, 126 S.Ct. 221 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v.*

*Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that Petitioner show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The Missouri Appellate court acknowledged the *Strickland* test and found that Petitioner did not satisfy one of its prongs, *i.e.*, that the failure to object did not fall within the category of "so serious as to not act as counsel," because the Missouri courts found the use of Petitioner's *pre-Miranda* silence appropriate to impeach Petitioner's own testimony that he got up on the witness stand to admit to shooting the victim because he wanted to tell about what happened and how his

actions were the result of his belief that the victim was reaching for a gun. In response to this testimony, the prosecutor used the pre-*Miranda* silence to point out the inconsistency of Petitioner's witness stand explanation and the failure to "tell what happened" at the time of the incident, wherein one would expect such a desire to explain one's justification at the time of arrest. The Missouri courts determined that counsel was not ineffective for failing to raise a meritless objection. This determination falls within the appropriate federal law as well. *Brecht v. Abrahamson*, 507 U.S. 619, 639 (1993). Petitioner's objection is therefore overruled.

Petitioner's seventh ground for relief is that trial counsel was ineffective for failing to cross examine Dellwood Officer Thomas Kickham on his testimony that Petitioner was wearing only one glove when the police report shows that the one glove was found in the possession of another person. Petitioner argues that because of this failure, the prosecutor was able to use the glove to prove the element of deliberation. The Missouri Appellate court considered this argument, analyzed it under the *Strickland* standard and concluded that counsel was not ineffective for failing to cross-examine Kickham. The argument presupposes several facts: that the right-handed glove in the lab report was the same right-handed glove as State's Exhibit 36; that Kickham submitted the glove to the crime lab for analysis; and that Kickham told someone at the laboratory that the glove

was seized from the co-defendant, not Petitioner. Such speculation, as the motion court held, is insufficient to state valid grounds to support a finding of ineffective assistance of counsel. (The speculative nature of Petitioner's argument is amplified by a mere twist of "facts:" It is just as feasible that Kickham told someone at the lab that the glove was seized form Petitioner and the *preparer* of the report incorrectly listed it as having been the co-defendant's. The point, obviously, is that Petitioner's argument is based on what *he says* transpired, not on any concrete facts.)

Furthermore, the Missouri courts found that, even assuming the truth of Petitioner's assumptions, Kickham did not prepare the report, therefore his testimony would not have been impeached if counsel had cross-examined him in this regard. Moreover, the Missouri courts found there was sufficient evidence of deliberation throughout the course of the trial to render possible error in the failure to cross-examine Kickham harmless. Based on these findings, the Missouri courts found Petitioner failed to establish ineffective assistance of counsel under *Strickland*.

The Court agrees that this finding is not contrary to, nor was it an unreasonable application of federal law. Under the *Strickland* standard, the Court must ascertain whether counsel's actions, which are presumed to be within the wide range of reasonable professional assistance, are such that he was not acting

as "counsel," *and* whether, but for counsel's action or inaction, the outcome of the trial would have been different. Neither can be shown here. Counsel's lack of cross-examination cannot be found to be ineffective. The assumptions Petitioner makes are alone sufficient to establish that counsel was not ineffective. Likewise the fact that the report was not prepared by Kickham establishes that counsel was not ineffective. Finally, Petitioner has not established that but for counsel's failure the outcome would have been different. The record contains evidence of deliberation in other respects and as such, Petitioner has not established the prejudice prong of the *Strickland* test. Petitioner's objections are overruled.

As his last ground for relief, Petitioner argues that counsel was ineffective for failing to object and seek relief from the prosecutor's statement in closing argument to "trust me--it is still a lie," referring to Petitioner's testimony that he shot the victim out of fear for his safety. Petitioner argues that counsel should have objected to this "unsworn testimony" because the jury was influenced to convict the petitioner for something other than the crimes charged. The prosecutor, however, was commenting on defense counsel's argument that Petitioner was *not lying*, which is entirely proper rebuttal. Furthermore, although Petitioner attempts to inflate the "trust me" comment into truthful testimony by the prosecutor such that the jury took the comment as "gospel" is, to this Court, preposterous. This phrase, in the Court's experience, has become a colloquialism

which inspires emphasis rather than a "seal of authenticity" as Petitioner argues. It is absurd to conclude that a jury, after considering the evidence presented, would have based its decision on the prosecutor's comment that the jury should "trust me." Petitioner cannot demonstrate that the outcome of the trial would have been different had counsel objected to this comment. Accordingly the Court agrees with the Missouri courts that the *Strickland* standard has not been met. Petitioner's objection is overruled.

## Conclusion

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court has reviewed the trial record, the Missouri court rulings, opinions and decisions. It has further reviewed all pleadings, motions and memoranda before it. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Medler that the Petition be DENIED.

## Certificate of Appealablity

Petitioner also objects to Judge Medler's recommendation that a Certificate of appealability be denied. Petitioner quibbles with this recommendation because the certificate has not yet been requested. Needless to say, Judge Medler's

recommendation was just that, a recommendation that, based on the record before her, any request for such a certificate should be denied. The objection is overruled.

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Samuel D. Martin for Writ of Habeas Corpus, [Doc. No. 4], pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 27th day of December, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE